UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GWENDOLYN SCOTT-ADAMS,                          :

                    Plaintiff,          :          07 Civ. 746 (WHP) (DF)

   -against-                                   :          **REPORT AND RECOMMENDATION**

URBAN BRANDS, INC.,                             :

                    Defendant.          :
------------------------------------------------------------X

**TO THE HONORABLE WILLIAM H. PAULEY, III, U.S.D.J.:**

## INTRODUCTION

This matter has been referred to me for a report and recommendation as to the motion of *pro se* plaintiff Gwendolyn Scott-Adams ("Plaintiff") for a default judgment against defendant Urban Brands, Inc. ("Defendant"). (Dkt. 23.) For the reasons set forth herein, I recommend that the motion be denied.

## BACKGROUND

Plaintiff filed a Complaint in this Court on January 31, 2007, alleging that Defendant, her former employer, had violated her rights under, *inter alia,* certain provisions of the Fair Labor Standards Act, specifically 29 U.S.C. §§ 206 and 207, the New York State labor law, and state and local law prohibiting discrimination against the disabled. (*See generally* Complaint, dated Dec. 6, 2006 ("Compl.") (Dkt. 2).) Plaintiff was granted leave to proceed *in forma pauperis*. (Dkt. 1.)

The Court's docket indicates that the United States Marshal served a copy of the Summons and Complaint on Defendant on June 29, 2007. (Dkt. 5.) When Defendant did not timely respond, the Court (Pauley, J.) entered an Order on December 4, 2007, directing Plaintiff

to serve and file a motion for default judgment. (Dkt. 8.) Judge Pauley further referred that anticipated motion to me for a report and recommendation. (Dkt. 10.)[1]

On February 27, 2008, having received no motion by Plaintiff by a default judgment, this Court entered a further Order, directing Plaintiff to move for a default judgment or to voluntarily dismiss the Complaint, no later than March 28, 2008. (Dkt. 12.) On May 5, 2008, Plaintiff finally submitted a document entitled "Default Judgment" (consisting of a proposed Judgment for the Court's execution), together with an undated supporting affirmation made under penalty of perjury, and a Clerk's Certificate dated March 18, 2008, certifying that Defendant had been served, but had not responded to the Complaint. (Dkt. 14.) On May 6, 2008, upon receipt of that submission, this Court entered a further Order, requiring Plaintiff to submit proposed findings of fact and conclusions of law in support of any claim of damages. (Dkt. 13.)

On June 6, 2008, however, prior to any further submission by Plaintiff, Defendant, through counsel, wrote to the Court, requesting time to file an Answer to the Complaint (*see* Letter to the Court from Adin C. Goldberg, Esq., dated June 6, 2008), and, on June 20, 2008, Defendant actually filed an Answer (Dkt. 16). On July 11, 2008, this Court held a conference with the parties, at which Defendant indicated that it had never been served with the Summons and Complaint, that it had not learned about the case until the Court sent it a copy of its May 6, 2008 Order, and that it wished to defend the case on the merits. Despite this, Plaintiff stated at the conference that she still wished to proceed with the default motion. The Court then stayed its

---

[1] The Court's Docket also reflects an earlier consent reference to me pursuant to 28 U.S.C. § 636(c) (Dkt. 9), but that reference was issued in error, as no defendant had appeared in the case as of the date of its issuance.

Order requiring Plaintiff to submit proposed findings, and instead set a briefing schedule for Plaintiff's motion for a default judgment. (Dkt. 21.)

On July 15, 2008, Plaintiff filed a duplicate of her earlier-filed proposed "Default Judgment," affirmation, and Clerk's Certificate, and, this time, the Court directed that her submission be docketed as a "Motion for Default Judgment." (Dkt. 23.) Defendant filed an opposition to the motion on August 6, 2008 (*see* Defendant's Opposition Brief To Motion for Default Judgment, dated Aug. 5, 2008 ("Def. Opp. Mem."); Affirmation of Mark Gunn, dated Aug. 5, 2008 ("Gunn Aff.") (Dkt. 24)), and Plaintiff filed a reply on September 3, 2008 (*see* Plaintiff's Answer to Defendant[']s Opposition Brief to Motion for Default Judgment, dated Aug. 29, 2008 ("Pl. Reply") (Dkt. 25)).

Plaintiff maintains that service on Defendant was proper; that Defendant was well aware of, yet failed to appear for an earlier-scheduled Court conference; and that Defendant should be held "accountable." (Pl. Reply at 1, 3.) Defendant argues that Plaintiff's motion for a default should be denied on the grounds that (1) there is no evidence that Defendant acted in bad faith, (2) Plaintiff would not be substantially prejudiced by any delay, and (3) Defendant has legitimate defenses to Plaintiff's claims. (Def. Opp. Mem. at 3-4.)

## DISCUSSION

Rule 55(a) of the Federal Rules of Civil Procedure provides that the Clerk of the Court shall enter a default against a party who "has failed to plead or otherwise defend" an action. Fed. R. Civ. P. 55(a). Local Civil Rule 55.1 of this Court further provides that a party who applies for a certificate of default by the clerk pursuant to Fed. R. Civ. P. 55(a) "shall submit an affidavit showing (1) that the party against whom a notation of default is sought is not an infant, in the military, or an incompetent person; (2) that the party has failed to plead or otherwise

3

defend the action; and (3) that the pleading to which no response has been made was properly served."

Once a default has been entered, then, upon application of the party "entitled to a judgment by default," the Court may proceed to enter a default judgment against the defaulting party. Fed. R. Civ. P. 55(b). A default judgment may not be granted, however, if the defendant has not been effectively served with process. *See, e.g.*, *OS Recovery, Inc. v. One Groupe Int'l, Inc.*, No. 02 Civ. 8993 (LAK), 2005 U.S. Dist. LEXIS 14860, at *2 (S.D.N.Y. July 26, 2005) ("It is axiomatic, of course, that a court may not properly enter a default judgment unless it has jurisdiction over the person of the party against whom the judgment is sought, which also means that he must have been effectively served with process.") (internal quotation marks and citations omitted).

Assuming the plaintiff demonstrates proper service, the decision to grant a motion for a default judgment lies in the sound discretion of the trial court. *See Shah v. New York State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999). In determining whether to grant such a motion, the court may consider numerous factors, including "whether plaintiff has been substantially prejudiced by the delay involved and whether the grounds for default are clearly established or are in doubt." 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure, § 2685 (3d ed. 1998); *see Feeley v. Whitman Corp.*, 65 F. Supp. 2d 164, 171 (S.D.N.Y 1999) (factors to consider include whether the failure to answer was merely technical or resulted from bad faith, the possibility of prejudice to the plaintiff, and whether the default was due to excusable neglect). The court is also guided by the same factors that apply to a motion to set aside entry of a default: (1) whether the default was willful; (2) whether the plaintiffs would be prejudiced by the denial of the motion for default judgment; and (3) whether

there are any meritorious defenses to plaintiff's claims. *See Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170-71 (2d Cir. 2001) (examining these factors on review of the district court's decision to grant default judgment); *Meehan v. Snow*, 652 F.2d 274, 276-77 (2d Cir. 1981) (setting aside entry of default judgment and observing that the same factors apply to a motion to oppose default judgment); *see also United States Fidelity & Guaranty Co. v. Petroleo Brasileiro S.A.*, 220 F.R.D. 404, 406-07 (S.D.N.Y. 2004) (denying a motion for default judgment based on these factors); *Fashion Fragrance & Cosmetics v. Croddick*, No. 02 Civ. 6294 (WK), 2003 U.S. Dist. LEXIS 5641, at *4-7 (S.D.N.Y. Apr. 8, 2003) (same).

Is it, however, "well established that default judgments are disfavored," and that these factors should be evaluated in light of the strong preference for resolving disputes on the merits. *Pecarsky*, 249 F.3d at 174; *see also Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993). "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil*, 10 F.3d at 96.

In this case, Plaintiff has duly obtained a certificate of default from the Clerk of the Court (*see* Dkt. 23), and has taken the next step of applying to the Court for a default judgment against Defendant. In support of her application, Plaintiff points out that, based on the Marshal's Process Receipt and Return, service of the Summons and Complaint was made on June 29, 2007, and accepted by Mark Glenn [*sic*, "Gunn"], identified by the Marshal as an Executive Vice President of Defendant. (*See* Pl. Reply at 1; *see also* Dkt. 5.) Nonetheless, a default judgment here would not be warranted for a number of reasons. First, an issue has been presented as to whether service was actually made, as Mr. Gunn has now submitted an affirmation under penalty of perjury, stating that he "do[es] not recall ever receiving a copy of the Complaint . . . or any

5

other document indicating that a lawsuit had been filed by [Plaintiff], prior to receiving the May 6, 2008, Order, and [that Defendant] ha[s] no record at [its] corporate offices of receiving any such document prior to receipt of the May 6, 2008, Order." (Gunn Aff. at ¶ 3.) Where there is a dispute as to whether service has been properly effected, "it is clear that under the case law all doubts must be resolved in favor of trial on the merits." *Enron Oil*, 10 F.3d at 98.

Second, the additional factors that the Court should consider on a Rule 55(b) motion weigh against granting such a motion in this case. Even if Mr. Gunn did receive the Summons and Complaint as indicated by the Marshal, the Court has no reason to conclude that Defendant's failure to respond at that time resulted from "wilfullness" or "bad faith," *Fashion Fragrance*, 2003 U.S. Dist. LEXIS 5641, at *5-6, as opposed to mere forgetfulness or carelessness. On this point, it is telling that, within a month of the Court's May 6 Order, Defendant wrote to the Court, expressing a desire to file an Answer, and that it then promptly filed an Answer and appeared in the first Court conference scheduled thereafter. This is not the action of a party that is trying to avoid defending claims asserted against it.

Plaintiff has also made no effort to show that she would suffer undue prejudice if her motion were denied. *See Pecarsky*, 249 F.3d at 174. This case is in a very early stage, and there is no reason to believe that any delay occasioned by any failure by Defendant to respond to the Complaint in a timely fashion would cause Plaintiff to suffer any meaningful disadvantage.

Finally, Defendant states that it has strong defenses to this action, pointing out that it "has asserted legitimate, non-discriminatory reasons for terminating [P]laintiff's employment, and also has asserted substantial defenses to other material allegations set forth in the Complaint." (Def. Opp. Mem. at 4.) At least on the face of Defendant's submissions, it does appear that Defendant may have viable defenses to Plaintiff's claims.

For these reasons, and in recognition of the strong policy favoring resolution of cases on the merits, I recommend that Plaintiff's motion for a default judgment against Defendant be denied.

**CONCLUSION**

For the foregoing reasons, I recommend that Plaintiff's motion under Fed. R. Civ. P. 55, for a default judgment against Defendant (Dkt. 23), be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable William H. Pauley, III, United States Courthouse, 500 Pearl Street, Room 2210, New York, New York 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 525, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Pauley. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d

Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
November 3, 2008

Respectfully submitted,

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies To:

Hon. William H. Pauley, III, U.S.D.J.

Ms. Gwendolyn Scott-Adams
872 Kinsella Street
Bronx, NY 10462

Adin C. Goldberg, Esq.
Day Pitney LLP
7 Times Square
New York, NY 10036